# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**AMERICANO BEACH LODGE RESORT CONDOMINIUM ASSOCIATION, INC.,**

    **Plaintiff,**

**v.**                                                                            **Case No:   6:18-cv-563-Orl-31KRS**

**ARIEL SPECIALTY INSURANCE MANAGERS ON BEHALF OF ARIEL SYNDICATE 1910,**

    **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration *sua sponte* based upon the Court's review of the case for subject-matter jurisdiction. The United States Court of Appeals for the Eleventh Circuit has instructed district courts "to initiate an inquiry into our subject-matter jurisdiction whenever we become concerned that it may not exist." *Gilchrist v. State Farm Auto. Mut. Ins. Co.*, 390 F.3d 1327, 1330 (11th Cir. 2004) (citations omitted).

In the present case, Plaintiff, Americano Beach Lodge Resort Condominium Association, Inc. ("Americano") brought suit against Defendant Ariel Specialty Insurance Managers on Behalf of Ariel Syndicate 1910 ("Ariel Specialty"), alleging that this Court had subject matter jurisdiction over this case based on diversity of citizenship, 28 U.S.C. § 1332. Doc. No. 1-2.

The factual allegations of the complaint were deficient with regard to the citizenship of the parties. Americano alleged that it is a Florida "non-profit corporation licensed to do business in Florida, and conducting business in Volusia County, Florida." Doc. No. 1 ¶ 1. It alleged that Ariel

Specialty is "a Delaware registered company licensed to do business in Florida, and . . . doing business in Volusia County, Florida." *Id.* ¶ 2.

I noted that Americano had not adequately plead its own citizenship because it stated merely that it was licensed to do business in Florida and that it was doing business in Volusia County, rather than stating its place of incorporation or its principal place of business. With regard to Ariel Specialty's citizenship, Americano did not allege whether Ariel Specialty was a corporation or another kind of entity. If Ariel was a corporation, Plaintiff failed to properly identify its place of incorporation and its principal place of business. The allegations that Defendant was "registered" in Delaware and did business in Volusia County also would not be sufficient to establish the citizenship of any other type of entity.

I therefore issued an Order to Show Cause why this case should not be dismissed for lack of subject matter jurisdiction. Doc. No. 3. I required Plaintiff to respond to the Order by presenting sufficient evidence for the Court to determine the citizenship of both parties in accordance with the principles set forth in the Order and governing law. *Id.*

Americano filed a response in which it established that it is a citizen of Florida. Doc. No. 6, at 2. It stated that, prior to the filing of the complaint, Ariel Specialty represented to Americano's counsel that Ariel Specialty was diverse from Americano, such that if Americano filed the case in state court, Ariel Specialty would remove it to this Court. *Id.* at 1. Based on those representations, Americano filed this case in this Court. Attached to the response, Americano filed a declaration from Kevin Hutcheon, an individual responsible for managing property claims on behalf of Ariel Syndicate 1910. Doc. No. 6-5. Mr. Hutcheon stated that Ariel Syndicate 1910 issued the insurance policy at issue in this case. *Id.* at 1, ¶ 2. Americano therefore suggests that the proper Defendant entity and real party in interest is Ariel Syndicate 1910 and not Ariel Specialty.

However, Americano noted that it had no knowledge of the relationship between Ariel Specialty and Ariel Syndicate 1910 other than what was set forth in Mr. Hutcheon's declaration. *Id.* at 3.

Mr. Hutcheon's declaration does not establish Ariel Syndicate 1910's citizenship. It merely states that Ariel Syndicate 1910 is located in London and that its sole underwriting member "is Ariel Corporate Member Limited, a citizen and private limited company incorporated and registered in England and Wales, with its corporate headquarters and principal place of business in London, United Kingdom." Doc. No. 6-5 ¶ 5.

On May 15, 2018, I entered another Order to Show Cause, noting that Americano's response was insufficient because it did not provide any legal authority discussing the facts required to be alleged or proven to establish Ariel Specialty's citizenship. I therefore required Americano to either provide a supplemental response supported by legal authority sufficient to determine how Ariel Specialty's citizenship should be ascertained or to file an amended complaint identifying the proper party Defendant and alleging sufficient facts to establish the citizenship of each party.

On May 31, 2018, Americano filed a supplemental response in which it stated that it "has no further information" to support the allegations in its complaint as to Ariel Specialty's citizenship.

As noted in my Order to Show Cause, "In an action filed directly in federal court, plaintiff bears the burden of adequately pleading, and ultimately proving, jurisdiction." *Moreno v. Breitburn Fla., LLC*, No. 2:09-cv-566-FtM-29DNF, 2011 WL 2293124, at *1 (M.D. Fla. June 9, 2011) (citation omitted). Americano failed to adequately plead Ariel's citizenship in its complaint. It has acknowledged that it is unable to cure this deficiency with evidence. *See e.g., Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1270 (11th Cir. 2011) (allowing defective allegations regarding citizenship to be cured through record evidence). As a result, the Court is left with a complaint that does not adequately allege diversity of citizenship. In such a situation, the proper course is to

dismiss the complaint with leave to amend. *See Majd-Pour, Georgiana Comm. Hosp., Inc.*, 724 F.2d 901, 903 & n. 1 (11th Cir. 1984) (finding that district court abused its discretion when it dismissed a complaint for lack of subject matter jurisdiction for failure to prove all facts necessary to establish jurisdiction at a TRO hearing without allowing plaintiff to conduct discovery, but noting that the district court's dismissal was based on plaintiff's failure to prove jurisdictional facts at the hearing and not upon any deficiencies in allegations of the complaint; concluding that the district court should dismiss the original complaint with leave to amend if it found on remand that the jurisdictional allegations were deficient); *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1250-51 (11th Cir. 2007) (citations omitted) (district court did not err in dismissing complaint for lack of subject matter jurisdiction without first permitting discovery because it did not resolve any disputed issues of fact and resolved the case on the face of the pleadings).

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS** Americano's complaint without prejudice and **GRANT** Americano leave to file an amended complaint within a period of time set by the Court. If Americano cannot adequately plead diversity of citizenship in compliance with Federal Rule of Civil Procedure 11, it should file its complaint in state court.

**DONE** and **ORDERED** in Orlando, Florida on June 6, 2018.

    *Karla R. Spaulding*
    KARLA R. SPAULDING
    UNITED STATES MAGISTRATE JUDGE